# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHARLES TALBERT | : | CIVIL ACTION |
| v. | : | |
| TINA WISE | : | NO. 17-1103 |
| PENNSYLVANIA DEPARTMENT OF PUBLIC WELFARE | : | |

FILED

APR 11 2017

KATE BARKMAN, Clerk
By_____Dep. Clerk

## MEMORANDUM

STENGEL, J.                                                                                                          APRIL 10, 2017

Plaintiff Charles Talbert brings this civil action, pursuant to 42 U.S.C. § 1983, against the Pennsylvania Department of Public Welfare (DPW) and DPW employee, Tina Wise, based on the fact that DPW recovered a portion of his recent legal settlement. Talbert seeks leave to proceed *in forma pauperis*. The Court will grant Talbert leave to proceed *in forma pauperis* and dismiss his complaint.

### I.     FACTS[1]

While he was a pretrial detainee within the Philadelphia Prison System, Talbert was injured in the course of an ileostomy reversal surgery. The City of Philadelphia apparently acquired funds from DPW to cover the costs of Talbert's approximately thirty-day stay at the hospital. (Compl. ¶ 8.) The complaint and letters attached to the complaint reflect that DPW covered $74,853.04 of Talbert's medical costs.

Talbert filed a medical malpractice lawsuit against the Albert Einstein Medical Center and the doctor who performed his surgery. Ms. Wise sent a letter to the defendants' attorney informing her that, in accordance with 62 Pa. Cons. Stat. § 1409, DPW had "a first claim on any

---

[1] The following facts are taken from the complaint and documents attached to the complaint.

1

judgment, award, or settlement to insure the reimbursement of the Medicaid Program." Talbert sent a letter to Ms. Wise objecting to DPW's interest. He subsequently settled his medical malpractice case for a total of $7,500, half of which was allocated to DPW.

Talbert subsequently filed the instant case, pursuant to 42 U.S.C. § 1983, against DPW and Wise because he believes that they "abused their State authority, to unlawfully threaten, and take money" from his settlement. (Compl. ¶ 14.) He seeks damages.

## II. STANDARD OF REVIEW

Talbert's motion to proceed *in forma pauperis* is granted because it appears that he is not capable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the complaint if it fails to state a claim. To survive dismissal, the complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "[M]ere conclusory statements[] do not suffice." *Id.* The Court may also consider exhibits attached to the complaint. *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006). As Talbert is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). It is not clear what constitutional violation Talbert believes occurred here. Accordingly, the Court will construe the complaint as raising a procedural due process claim based on DPW's recovery of a portion of Talbert's settlement proceeds. "Fundamentally, procedural due process

2

requires notice and an opportunity to be heard" in a meaningful time and manner. *Mancini v. Northampton Cnty.*, 836 F.3d 308, 315 (3d Cir. 2016) (citing *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976)).

State law permits DPW to be reimbursed from a settlement when it has paid medical costs related to the underlying claim as long as DPW's recovery does not exceed half of the Medicaid beneficiary's recovery after certain deductions. *See* 62 Pa. Cons. Stat. § 1409; *Shaffer-Doan ex rel. Doan v. Com. Dep't of Pub. Welfare*, 960 A.2d 500, 506 (Pa. Commw. Ct. 2008) ("The overarching purpose of [The Fraud and Abuse Control Act] is to authorize DPW to obtain compensation from third parties for benefits DPW paid on behalf of a person injured by the third parties."); *see also Tristani ex rel. Karnes v. Richman*, 652 F.3d 360, 370 & 377-78 (3d Cir. 2011) (holding that DPW may legally assert a lien against a Medicaid beneficiary's recovery relating to medical costs and that Pennsylvania's allocation scheme is lawful because beneficiaries have the ability to appeal). Letters attached to the complaint reflect that Talbert received notice of DPW's lien before he settled the case. If Talbert sought to challenge the lien or the amount DPW recovered, he could have litigated the matter in state court or appealed to the Bureau of Hearings and Appeals. *See* 62 Pa. Cons. Stat. § 1409; 55 Pa. Code § 259.3. Nothing in the complaint suggests that those procedures are inadequate or that Talbert even attempted to avail himself of them. Accordingly, Talbert has not stated a due process claim. Talbert's claims against DPW also fail because, as a department of the Commonwealth, DPW is entitled to Eleventh Amendment immunity and, in any event, is not a "person" for purposes of § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65-66 (1989); *Betts v. New Castle Youth Dev. Ctr.*, 621 F.3d 249, 254-55 (3d Cir. 2010).

3

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss Talbert's complaint. The Court will give Talbert leave to file an amended complaint in light of the liberal standard governing amendment. An appropriate order follows, which shall be docketed separately.